Hillsborough
No. 80-151

## THE STATE OF NEW HAMPSHIRE

### v.

## ROBERT J. HASTINGS

June 18, 1980

· *Gregory H. Smith*, acting attorney general (*Deborah J. Cooper*, assistant attorney general, orally), for the State.

*Spaloss & Rosson*, of Nashua (*Henry F. Spaloss* orally), for the defendant.

PER CURIAM. This case involves the timeliness of an indictment. On December 3, 1979, the defendant was arrested for the felony of receiving stolen property. Two weeks later, the defendant was bound over after the Nashua District Court found probable cause. The complaint was then transmitted to the superior court two days later.

The Hillsborough County Grand Jury sat on January 2 and

February 12, 1980, but the county attorney presented no indictment for the grand jury's consideration. On February 15, the defendant filed a motion to dismiss for lack of speedy trial, which was heard on March 5. The State represented that it did not have the police file even though three months had elapsed since arrest and, further, that there was a delay because of the need to process some juveniles through court. At that hearing the Trial Court (*Goode*, J.) suggested that by waiving indictment the defendant could obtain a speedy trial. The court then denied the motion but gave no reasons.

On April 1, the grand jury sat again, and again the State presented no indictment. On May 15, the grand jury finally indicted the defendant for receiving stolen property. This occurred after the interlocutory appeal to this court had been filed.

First, we note that the defendant's right to waive grand jury indictment is his exclusive right and should not be recommended or insisted upon by either the court or the prosecutor. This court approves of no such recommendations.

Before a defendant can be tried for a felony, he must either be indicted or waive indictment. The State and Federal Constitutions guarantee a speedy trial but not a speedy indictment. U.S. CONST. Amend. V, XIV; N.H. CONST. pt. 1, art. 14; *United States v. Lovasco*, 431 U.S. 783 (1977). Of course, this defendant has been arrested, and the time clock for speedy trial runs from arrest rather than the later indictment. *Dillingham v. United States*, 423 U.S. 64 (1975); *State v. Collins*, 115 N.H. 499, 502, 345 A.2d 162, 165 (1975). In this case, the delay has not yet violated the right to speedy trial. *See State v. Fraser*, 120 N.H. 117, 411 A.2d 1125 (1980); *State v. Hudson*, 119 N.H. 963, 409 A.2d 1349 (1979).

We remind the State that *it* has a constitutional duty to make a diligent, good faith effort to bring a defendant to trial. *State v. Hudson, supra* at 966, 409 A.2d at 1351. Citizens cannot be arrested without probable cause; thus, if they are arrested there should usually be no reason to delay presentment of an indictment. *See Whiteley v. Warden*, 401 U.S. 560 (1971). If there is a shortage of prosecutors, then the answer is more prosecutors, not delayed presentments. *See* RSA 7:33-b, :33-c, :33-d (Supp. 1979).

We can see no reason why an indictment should not be brought within sixty days from the date of an arrest. If it is not, it will be the State's burden to demonstrate that the delay has not been

unreasonable. N.H. CONST. pt. 2, art. 73-A. Counties with infrequent grand jury sittings will have to make scheduling changes to provide county attorneys with the opportunity to make timely presentments.

*Remanded for trial.*