Hillsborough
No. 81-413

THE STATE OF NEW HAMPSHIRE

v.

SUSAN HUGHES

January 26, 1983

*Gregory H. Smith*, attorney general (*Brian T. Tucker*, assistant attorney general, on the brief, and *Andrew Isaac*, attorney, orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

MEMORANDUM OPINION

The question before us is whether the trial court abused its discretion or otherwise erred in its determination that the State's failure to indict the defendant within sixty days of her arrest was not unreasonable.

The defendant was arrested on July 30, 1980, and charged with attempting to obtain a controlled drug by fraud. *See* RSA 318-B:20, I (Supp. 1981). She was released on bail and subsequently arraigned in the Nashua District Court on August 26, 1980. A probable cause hearing was held on September 16, 1980, and she was bound over to

the Hillsborough County Grand Jury, which indicted her on October 7, 1980, some sixty-eight days after her arrest.

Prior to the defendant's arraignment in superior court on November 7, 1980, the defendant's motion to dismiss the indictment due to the State's failure to comply with the requirement set forth in *State v. Hastings*, 120 N.H. 454, 455, 417 A.2d 7, 8 (1980), was heard and denied by the Superior Court (*Goode*, J.). For the reasons below, we affirm.

In *State v. Hastings, id.* at 455, 417 A.2d at 8, we held that a five-month delay between arrest and indictment did not violate the State's constitutional duty to make a diligent, good-faith effort to bring the defendant to trial. However, we went on to say that "[w]e can see no reason why an indictment should not be brought within sixty days from the date of an arrest," *id.* at 455–56, 417 A.2d at 8, and imposed the burden on the State "to demonstrate that the delay has not been unreasonable . . ." if an indictment is not returned within that time.

At the hearing on the motion to dismiss, the county attorney represented that his office had not received a copy of the file from local authorities until August 26, and that the case had not been presented to the grand jury which sat on the second Tuesday of September because the prosecutor to whom the file had been assigned had to confirm whether the defendant had a prescription by making contact with a doctor.

■■ The sixty-day *Hastings* rule is not to be lightly regarded, and the State should be expected to meet its burden of presenting evidence and demonstrating that the delay has not been unreasonable at hearings held for such purpose so that the trial court can properly exercise its discretion. In the present case, having considered the chronology of events leading to the defendant's indictment and the representations made by the prosecutor at the hearing on the motion to dismiss, we conclude that the record supports the trial court's determination that the short delay in this case was not unreasonable, and that the trial court did not abuse its discretion.

*Remanded.*

DOUGLAS and BATCHELDER, JJ., dissented.

DOUGLAS and BATCHELDER, JJ., dissenting: We believe that the two explanations of the delay are insufficient to meet the reasonable delay test of *Hastings*. No assertion was made, nor was any offer of proof put forth, to indicate that the doctor in question was unavailable, or that receipt of the file on August 26th in some manner made

68

it unreasonable for the State to indict when the grand jury met in September. Based upon the sparse record before us, we conclude that the State did not demonstrate that the delay was reasonable.