Merrimack
No. 83-023

# THE STATE OF NEW HAMPSHIRE

v.

# TERRY PRESTON

October 26, 1983

*Gregory H. Smith*, attorney general (*Brian T. Tucker*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   This appeal presents the question whether the defendant, an inmate at the New Hampshire State Prison, was arrested for purposes of the *Hastings* rule, requiring timely indictment, at the time he was placed in administrative segregation after assaulting a prison guard. We hold that an arrest did not occur and affirm the superior court's denial of the defendant's motion to dismiss.

On February 14, 1982, the defendant, Terry Preston, an inmate at the New Hampshire State Prison, struck a prison guard with a club. Other guards subdued the defendant, handcuffed him and removed him to administrative segregation in the maximum security annex of the prison. Prior to the incident, the defendant had been in protective custody. On June 24, 1982, the defendant was indicted for assault. Alleging that he had been arrested on February 14, 1982, the defendant moved to dismiss based on the failure of the State to bring an indictment within sixty days of arrest, as required by *State v. Hastings*, 120 N.H. 454, 455, 417 A.2d 7, 8 (1980). The Superior Court (*Souter*, J.) denied the motion, with exception noted. A jury trial resulted in a verdict of guilty, and this appeal followed.

In *State v. Hastings supra*, this Court held that an indictment should be brought within sixty days from the date of an arrest. If it is not, the State has the burden to show that any delay beyond sixty days was not unreasonable. This requirement is not based on any constitutional mandate but was established pursuant to the court's rule-making power, N.H. CONST. pt. II, art. 73-A. *Id.* The question before us is whether the defendant was arrested on February 14, 1982, in determining his status in light of the *Hastings* rule.

In RSA 594:1, I, arrest is defined as the taking of a person into custody in order that he may be forthcoming to answer for the

commission of a crime. As further elaborated by this court, there must exist an intent on the part of the arresting officer to take the accused into custody and a corresponding understanding by the accused that he is in custody. *State v. Brodhead*, 116 N.H. 39, 40, 351 A.2d 57, 58 (1976). We cannot say that the circumstances in this case fulfill either of these requirements. The guards moved the defendant to administrative segregation not for the purpose of having him available or taking him into custody (neither of which was necessary), but as a matter of prison policy and discipline. *See State v. Collins*, 115 N.H. 499, 502, 345 A.2d 162, 165 (1975); *Garcia v. State*, 625 S.W.2d 431, 432 (Tex. App. 1981).

In *Hastings* we held that the State should expedite indictments because "[c]itizens cannot be arrested without probable cause; thus, if they are arrested there should usually be no reason to delay presentment of an indictment." *State v. Hastings, supra* at 455, 417 A.2d at 8. However, this reasoning cannot be applied to the situation at hand. Prison officials need not find probable cause in order to transfer an inmate to a new custodial setting. *See Snow v. State*, 399 So.2d 466, 468 (Fla. App. 1981) (transferred for protective purposes).

Indeed, isolation of an inmate who breaks prison regulations may occur for disciplinary reasons or to facilitate investigation. *See United States v. Duke*, 527 F.2d 386, 390 (5th Cir.), *cert. denied*, 426 U.S. 952 (1976). The investigation should determine if the prison officials should handle the incident internally or turn the case over to the county attorney's office. To hold that the transfer of an inmate to a more restrictive setting is the equivalent of arrest would severely hamper the investigatory abilities of the State.

In *United States v. Marion*, 404 U.S. 307 (1971), the Supreme Court articulated the concerns underlying the right to a speedy trial and why that right attaches at the time of arrest.

> "Arrest is a public act that may seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends."

*Id.* at 320. These consequences give rise to the constitutional duty of the State to make a diligent, good faith effort to bring a defendant to trial, *State v. Hudson*, 119 N.H. 963, 966, 409 A.2d 1349, 1351 (1979), and the court-imposed duty of the State to bring an indictment within sixty days from the date of arrest. *But see State v. Hughes,*

123 N.H. 66, 67, 455 A.2d 1069, 1070 (1983). However, these consequences are not present in the instant case. Administrative segregation is a private act that does not implicate the evils enunciated in *Marion*. *United States v. Clardy*, 540 F.2d 439, 441 (9th Cir.), *cert. denied*, 429 U.S. 963 (1976); *see United States v. Daniels*, 698 F.2d 221, 223 (4th Cir. 1983); *United States v. Duke, supra* at 389; *State v. Mhoon*, 310 N.W.2d 213, 215 (Iowa 1981).

For the foregoing reasons, we hold that, in these circumstances, the transfer of the defendant from protective custody to administrative segregation, after an incident which later resulted in an indictment, was not an arrest within the meaning of the *Hastings* rule.

*Affirmed.*

SOUTER, J., did not participate; the others concurred.