Grafton
No. 85-188

THE STATE OF NEW HAMPSHIRE

v.

JAMES R. MOSES

October 3, 1986

618

*Stephen E. Merrill*, attorney general (*Andrew W. Serell*, attorney, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

PER CURIAM. The defendant appeals his conviction in Superior Court (*Johnson*, J.) for operation by an habitual offender, on the grounds of pre-indictment delay as well as of double jeopardy. The defendant was arrested on April 29, 1984, in connection with an automobile accident, and charged with operating a motor vehicle after revocation or suspension, RSA 262:27-b (current version at RSA 263:64 (Supp. 1985)), unauthorized use of a motor vehicle, RSA 262:12, and conduct after an accident, RSA 264:25. He pleaded *nolo contendere* to, and was convicted and sentenced on, all three misdemeanor charges in Plymouth District Court (*Kent*, Sp. J.) in May. The defendant took no appeal to the superior court.

On July 20, a felony indictment was returned against him for operation by an habitual offender, RSA 262:23 (current version at Supp. 1985), and he was arrested for the second time on October 9. He pleaded not guilty, and the trial court denied his motions to dismiss on *Hastings* and double jeopardy grounds by order dated April 9, 1985. On April 17, 1985, he was found guilty by the Superior Court (*Johnson*, J.) and sentenced to one year in the house of correction, with forty-five days' credit for pre-sentence confinement.

The defendant first claims that the State violated the rule of *State v. Hastings*, 120 N.H. 454, 417 A.2d 7 (1980) in failing to indict him on the operation by an habitual offender charge until eighty-two days after it became aware that he was so indictable. As noted above, the defendant's arrest on April 29, 1984, was in connection with the three misdemeanors which were eventually disposed of by proceedings in the district court. However, the record discloses that the police became aware of information sufficient to indict the defendant on the felony charge fourteen hours after that arrest, but the State failed to indict him until July 20. The defendant's arrest on that felony charge did not occur until October 9.

The State responds that the order of events in this case renders the *Hastings* rule inapplicable. In *Hastings*, the defendant

was arrested for a particular felony. The grand jury sat on three occasions without indicting the defendant on the charge for which he had been arrested. Under such circumstances, we held that "an indictment should . . . be brought within sixty days from the date of an arrest. If it is not, it will be the State's burden to demonstrate that the delay has not been unreasonable." 120 N.H. at 455–56, 417 A.2d at 8. Implicit in our holding was the notion that, absent special circumstances, there would be no reason for the State to delay seeking an indictment against a defendant who had already been arrested. As we stated, "[c]itizens cannot be arrested without probable cause; thus, if they are arrested there should usually be no reason to delay presentment of an indictment." *Id.* at 455, 417 A.2d at 8; *see also State v. Brown*, 125 N.H. 346, 348, 480 A.2d 901, 903 (1984). Here the defendant was not arrested on the felony charge until after he was indicted. Thus, the facts of this case make our holding in *Hastings* inapplicable.

The defendant next argues that the double jeopardy clauses of the Federal and State Constitutions, U.S. CONST. amend. V, N.H. CONST. pt. I, art. 16, should have barred his indictment for operation by an habitual offender after he had been convicted for operation after revocation. His contention rests on several grounds. He argues: first, in a two-tier trial system, the double jeopardy clauses forbid the bringing of a felony indictment after the defendant has been convicted of a misdemeanor arising out of the same transaction unless new evidence is discovered which supports the later felony charge; second, because the statutory elements of operation after revocation, and the facts necessary to prove that offense, are included in the charge of operation by an habitual offender, a second prosecution on the felony charge is thereby precluded; and third, multiple convictions for overlapping offenses are prohibited, absent clear legislative intent to the contrary. The defendant maintains that RSA 262:23, II expresses a clear legislative intent that a defendant not be subject to conviction on both charges. This portion of the statute provides:

> "[f]or the purpose of enforcing this section, any case in which the accused is charged with driving a motor vehicle while his license, permit or privilege to drive is suspended or revoked, or is charged with driving without a license, the court before hearing such charge shall determine whether such person has been held an habitual offender and by reason of such holding is barred from driving a motor vehicle on the ways of this state."

We believe that the defendant is correct in asserting that the legislature did not intend to authorize the State to prosecute him as an habitual offender after convicting him for operating after revocation, and in asserting that in any event the State and federal double jeopardy clauses barred the habitual offender prosecution.

The relevant portion of RSA 262:23, II, requiring an inquiry into a defendant's status as an habitual offender before proceeding with a prosecution for operating after revocation or suspension, has been part of the habitual offender law since its first enactment. *See* Laws 1969, 433:1. Although we have found no illuminating legislative history, the purpose of this portion of the habitual offender statute is apparent on its face. There would be no point in conducting the inquiry unless it was assumed that prosecution for both offenses would at the least be redundant. The review gives the court the opportunity to confirm that the State wishes to prosecute the less serious offense in lieu of the more serious crime before expending the court's and the parties' time in doing so.

Although the preceding analysis of the statutory intent should, by itself, be persuasive, *see Garrett v. United States*, 105 S. Ct. 2407, 2411 (1985); *see also Ball v. United States*, 105 S. Ct. 1668 (1985) (court does not reach double jeopardy question), State and federal double jeopardy analysis leads to the same conclusion. We assume that the statute reflected the legislature's correct understanding that the State and federal double jeopardy clauses would forbid serial prosecution for both offenses.

It is elementary law that for purposes of double jeopardy protection under part I, article 16, two offenses are the same unless each requires proof of a fact that the other does not. *See State v. Gosselin*, 117 N.H. 115, 117–18, 370 A.2d 264, 267 (1977) (under State "same-evidence" test for double jeopardy, two offenses are not the same when proof of different elements is necessary for conviction under each); *State v. Smith*, 98 N.H. 149, 150, 95 A.2d 789, 791 (1953) (under State "same-in-law-and-fact" test for double jeopardy, two offenses are not the same when each requires proof of an element that the other does not); *see also State v. Elbert*, 128 N.H. 210, 512 A.2d 1114 (1986).

Greater and lesser-included offenses are thus the "same" because the lesser offense lacks any element that is not common to the greater. As a general rule, therefore, it is a violation of double jeopardy protection to prosecute for a greater offense after a conviction or acquittal for the lesser-included one. *See Brown v. Ohio*, 432 U.S. 161, 168–69 (1977).

■ This analysis of double jeopardy protection is applicable in the present case, because operating after revocation or suspension and violation of an habitual offender order stand in relation to each other as lesser-included and greater offenses. In a prosecution under RSA 263:64, the State must prove that the defendant drove a motor vehicle in the State while an order suspending or revoking his driver's license or privilege was in effect. (Although the statute provides that such an order may be issued either by the justice of a court or by the director of the division of motor vehicles, it is the revocation or suspension that is significant, and the judicial or administration source of the order makes no difference in the nature or severity of the offense of violating it. Because it makes no such difference, proof of the source should be regarded merely as the means to prove that a legally operative suspension or revocation was in effect; it should not be regarded as proof of an element of the offense separate from the revocation or suspension itself.) In a prosecution under RSA 262:23, the State is required to prove that the defendant drove a motor vehicle in the State after having been adjudicated an habitual offender and ordered not to drive in New Hampshire. Because an habitual offender order not to drive is a form of judicial revocation, *see* RSA 259:90 (Supp. 1985), the only element in either offense that is not common to the other is the habitual offender status of the defendant. Therefore, driving after suspension or revocation under RSA 263:64 is related as a lesser-included offense to operating as an habitual offender under RSA 262:23. *See, e.g., State v. Gilder*, 145 Ga. App. 731, 245 S.E.2d 3, *aff'd*, 242 Ga. 285, 248 S.E.2d 659 (1978); *State v. Redmon*, 425 N.E.2d 634 (Ind. 1981). *But see Edenton v. Commonwealth*, 227 Va. 413, 417–18, 316 S.E.2d 736, 738 (1984) (legislature did not intend to immunize defendant convicted of misdemeanor from punishment for felony; contrary interpretation would defeat public policy goals of Habitual Offender Act).

■ If, therefore, a defendant has been convicted of the lesser offense under RSA 263:64, the general rule applying the guarantee against double jeopardy prohibits his subsequent prosecution as an habitual offender under RSA 262:23, and the defendant's conviction under the latter statute must therefore be reversed. Because the Federal Constitution does not dictate a different result, *see Brown v. Ohio*, 432 U.S. 161, 166 (1977); *Blockburger v. United States*, 284 U.S. 299, 304 (1932), we do not address the defendant's fifth amendment claim.

We do not deal in this opinion with the situation in which the State could not have prosecuted for the greater offense at the time it prosecuted for the lesser, for such is not the case here. The police

knew from a record check within fourteen hours of the defendant's arrest that he was an habitual offender, and they proceeded nevertheless to prosecute the lesser-included offense.

*Reversed.*

BATCHELDER and JOHNSON, JJ., did not sit; BROCK, J., dissented.

BROCK, J., dissenting: I first address the defendant's State constitutional claims using case law from the United States Supreme Court only as an aid in my analysis. *See State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983). The defendant maintains that a prosecution in superior court for operation by an habitual offender, RSA 262:23, after a prosecution and conviction in district court for operation after revocation, RSA 263:64 (Supp. 1985), violates the State Constitution's prohibition against double jeopardy. He asserts that proof of operation as an habitual offender necessarily includes proof of operation after revocation.

In *Heald v. Perrin*, 123 N.H. 468, 473, 464 A.2d 275, 278 (1983), we stated that

> "it is clear that . . . inquiry in [our double jeopardy cases] has centered on what evidence will be required at trial to prove the elements of the crimes. We therefore affirm as the benchmark of the double jeopardy test in this State an inquiry focusing on whether proof of the elements of the crimes *as charged* will in actuality require a difference in evidence."

*See State v. Gosselin*, 117 N.H. 115, 117–18, 370 A.2d 264, 267 (1977) (under State "same-evidence" test for double jeopardy, two offenses not the same when proof of different elements necessary for conviction under each); *State v. Smith*, 98 N.H. 149, 150, 95 A.2d 789, 791 (1953) (under State "same-in-law-and-fact" test for double jeopardy, two offenses not the same when each requires proof of an element that the other does not); *see also State v. Elbert*, 128 N.H. 210, 212, 512 A.2d 1114, 1116 (1986). Thus, if different evidence is required to sustain each of the two charges, as they are charged, the double jeopardy clause of the State Constitution is not violated. We have specifically rejected the same transaction test in the double jeopardy context, and I see no reason to reconsider our position at this time. *See Gosselin supra.*

RSA 263:64 (Supp. 1985) provides in relevant part:

> "No person shall drive a motor vehicle in this state after the director or the justice of any court has suspended or revoked his license to drive or after his driving privilege

has been so suspended or revoked . . . . Any person who violates the provisions of this section shall be guilty of a misdemeanor."

RSA 262:23 contains the following pertinent language:

"It shall be unlawful for [an habitual offender] to drive any motor vehicle on the ways of this state while the order of the court prohibiting such driving remains in effect. If any person found to be an habitual offender . . . is thereafter convicted of driving a motor vehicle on the ways of this state while the order of the court prohibiting such driving is in effect, he shall . . . be sentenced to imprisonment for not less than a year nor more than 5 years."

The complaint charging the defendant with operation after revocation states that "the defendant did [operate] a motor vehicle . . . upon a public highway . . . after his license to do so had been revoked by the Director of Motor Vehicles." The operation by an habitual offender indictment charged that the defendant "[d]id . . . operate a 1973 Datsun pickup . . . upon . . . a public way, after his privileges to drive had been suspended as an habitual offender in the Grafton County Superior Court on September 18, 1978, said order still being in effect." Different evidence was required to prove the offense as charged in each case. In proving that the defendant was guilty of driving after revocation or suspension in this case, the State had to establish that the director of the division of motor vehicles had revoked his license. By contrast, on the operation by an habitual offender charge, the State had to establish that a court had issued an order adjudicating him an habitual offender. Therefore, a difference in evidence was necessary to sustain the offenses as charged.

I would therefore hold that the defendant was not placed in jeopardy twice for the same offense, as that test has been applied in this State. The Federal Constitution does not dictate a different result. *See Illinois v. Vitale,* 447 U.S. 410, 419 (1980) (if manslaughter by automobile does not always entail proof of the offense of "failure to reduce speed," then the two offenses are not the "same" under *Blockburger v. United States,* 284 U.S. 299, 304 (1932)). In this case, the State relied on revocation by the director in one prosecution while relying on a court order in the other. Thus, the two offenses were not statutorily identical in the *Vitale* sense, nor did they require the same proof.

As to the defendant's argument that the language of RSA 262:23, II indicates a legislative intent to preclude conviction of both opera-

tion after revocation and operation by an habitual offender, I do not read the legislative language so broadly as my brothers: it merely states that the district court should determine whether a person is an habitual offender before hearing on a charge of driving after revocation or suspension. Thus, the presumption allowing cumulation when two offenses under *Blockburger* are not the same has not been overcome. *See Albernaz v. United States*, 450 U.S. 333 (1981). I therefore conclude that no violation of our State double jeopardy clause has occurred and make no extended federal analysis, as the Federal Constitution provides the defendant no greater protection.