Merrimack
No. 90-290

THE STATE OF NEW HAMPSHIRE

v.

NORBERTO PEREZ

October 4, 1991

*John P. Arnold,* attorney general (*Brian R. Graf,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

## MEMORANDUM OPINION

BROCK, C.J.   The defendant, Norberto Perez, appeals the Superior Court's (*McHugh,* J.) denial of his motion to dismiss based on an alleged violation of the *Hastings* rule requiring prompt indictment. Following a jury trial, he was convicted of conspiracy to sell cocaine, RSA 318-B:2 (Supp. 1990) and RSA 629:3, and sentenced to ten to twenty years in the State Prison. We affirm.

The defendant was arrested on August 11, 1989, for conspiracy to sell cocaine. He was incarcerated and was not indicted until October 19, 1989, sixty-nine days after his arrest. The defendant filed a pretrial motion to dismiss, arguing at the hearing on the motion that the indictment returned more than sixty days after his arrest violated the sixty-day requirement of *State v. Hastings,* 120 N.H. 454, 417 A.2d 7 (1980).

At the hearing on the motion, the State presented evidence that this case involved a multi-county investigation because the criminal activity took place in two separate counties. Due to a personnel change in the administration at the State Police narcotics unit, the reports were not sent to the appropriate county attorney's office in a timely fashion. As soon as the county attorney's office became aware of this clerical error, which resulted in a nine-day delay, it obtained an indictment within twenty-four hours. The trial court denied the defendant's motion, concluding that the delay was short and not unreasonable.

The defendant's only claim on appeal is that the trial court erred in finding that the State had met its burden of proving that the delay was reasonable. In *State v. Hastings, supra* at 455–56, 417 A.2d at 8, we held that if an indictment is not brought within sixty days from the date of an arrest, the State must prove that the delay was not unreasonable. After considering the evidence in this case, we

hold that the record supports the trial court's finding that the State sustained its burden in proving that the delay was reasonable and, accordingly, find no abuse of discretion by the trial court in denying the defendant's motion. *See State v. Berger*, 125 N.H. 83, 90–91, 480 A.2d 27, 31–32 (1984); *State v. Hughes*, 123 N.H. 66, 67, 455 A.2d 1069, 1070 (1983).

*Affirmed.*

All concurred.