Strafford
No. 90-162

## The State of New Hampshire

v.

## Robert Bergmann

December 6, 1991

*John P. Arnold,* attorney general (*Jeffrey A. Meyers,* attorney, on the brief, and *Mark Howard,* assistant attorney general, orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

HORTON, J.   The defendant was convicted after a jury trial in Superior Court (*Nadeau,* J.) of one count of felonious sexual assault, RSA 632-A:3, and one count of aggravated felonious sexual assault, RSA 632-A:2. On appeal, he contends, first, that the felonious sexual assault charge should have been dismissed by the Trial Court (*Temple,* J.) because the indictment was not brought within a sixty-day period as required by *State v. Hastings,* 120 N.H. 454, 417 A.2d 7 (1980), and second, that the court abused its discretion in consolidating the two indictments for trial. For the reasons stated herein, we affirm.

The facts, briefly stated, are as follows. On July 8, 1988, the defendant called Laura Beaudette and asked if he could take both her daughter, Stephanie W., and her daughter's friend, Christine T., swimming and then for ice cream. The defendant knew both girls because he had dated Laura Beaudette and had lived with Christine's mother, Lisa Norton. At this time, Christine was nine years old, and Stephanie was five years old. The defendant first took the girls to Rollinsford, where they played ball and lit sparklers. He then took them to a lake, and although neither of the girls went swimming, the defendant did, after taking off all his clothes.

The defendant and the girls then returned to his apartment in Dover, which he shared with his mother. After watching movies for a period of time in the defendant's bedroom, Stephanie went to sleep on the defendant's bed. He played "crazy eights" with Christine and, at some point in the game, took off his clothes. When the game was over, the defendant put on a pair of shorts with "rips all over the place" which "showed his private." Later that evening, Stephanie was awakened when she felt a touch, over her clothes, on her chest and vagina. When she opened her eyes, the defendant was standing next to the bed, and said "don't tell your mother." Christine was still awake when the defendant's mother returned from work at approximately 1:00 a.m. Mrs. Bergmann got Stephanie from her son's room and put her on the couch; Christine slept with the defendant's mother in her bed.

The next day, the girls returned to Stephanie's house in Dover, and at some point, Christine told Stephanie's mother that one night in

1984, the defendant had "pull[ed] her underpants down and stuck his finger in her private." Thereafter, Stephanie also told her mother about how the defendant had touched her that previous night.

The defendant was arrested by the Dover police on July 12, 1988, and charged with felonious sexual assault. A *nolle prosequi* was entered on September 12, 1988. A Strafford County Grand Jury, however, returned an indictment on October 13, 1988, for committing felonious sexual assault on Stephanie W., and on November 10, 1988, a second indictment was returned by the same grand jury on a separate charge of aggravated felonious sexual assault on Christine T. for the 1984 incident. The two indictments were later consolidated for trial.

We first address the defendant's argument that the felonious sexual assault indictment should have been dismissed because it was brought ninety-three days after he was arrested; specifically, he argues that the State avoided *Hastings* by nol prossing the original complaint sixty-two days after arrest. He contends that the reason for the delay in bringing the indictment, namely, a general desire to undertake further investigation, does not satisfy the State's burden to demonstrate that its delay in bringing the indictment was reasonable. The State first argues that the defendant has failed to present an adequate record for us to review the trial court's decision to deny the defendant's motion to dismiss. The State also urges that we reconsider our decision in *Hastings* and eliminate the sixty-day rule. Substantively, the State maintains that a need to conduct further investigation is a reasonable basis upon which to delay bringing an indictment and, thus, that the trial court did not abuse its discretion in denying the motion to dismiss.

It is necessary to examine the threshold question whether an adequate record exists to resolve this issue. The defendant argues that the record is sufficient because the burden was upon the State to explain the reason for the delay. The State's objection to his motion to dismiss only set forth a generalized need to investigate. Therefore, he contends, should the State wish to rely on additional facts presented at the hearing, it should present a sufficient record. This contention is erroneous. It is well established that the burden of providing this court with a sufficient record to decide the issue raised on appeal is upon the moving party, in this case, the defendant. *State v. Stearns*, 130 N.H. 475, 491, 547 A.2d 672, 681 (1988) (citing *State v. Winders*, 127 N.H. 471, 477, 503 A.2d 798, 802 (1985)); SUP. CT. RS. 13, 15. In the present case, the record consists of the defendant's

motion to dismiss, the State's objection, and the trial court's order denying the motion. This motion was heard in chambers, and it is apparent that a stenographer was not present at that time; thus, there is no transcript. Based on what transpired at the unrecorded hearing, the trial court denied the *Hastings* motion. The trial court's order simply stated: "Delay in bringing indictment found to be reasonable."

The state of the record does not permit us to determine whether the trial court abused its discretion in denying the defendant's motion to dismiss. We have no record of what transpired at the conference in chambers, nor of the basis for the trial court's decision. To decide whether *Hastings* has been violated would require us to guess as to why the trial court found the delay in bringing the indictment to be reasonable. "We cannot base a finding that the trial court abused its discretion upon mere speculation." *State v. Staples,* 120 N.H. 278, 284, 415 A.2d 320, 323 (1980). Further, the fact that this issue was heard in chambers does not relieve the defendant of his burden to present an adequate record. *Brown v. Cathay Island, Inc.,* 125 N.H. 112, 115, 480 A.2d 43, 44 (1984). Accordingly, we hold that the defendant has failed to present a sufficient record for us to determine whether the trial court erred when it denied his motion to dismiss for violation of the *Hastings* rule.

We next consider the defendant's argument that the two cases should not have been consolidated for trial. He contends that evidence of one charge would not have been admissible at the trial of the other, because the incidents at issue occurred four years apart, were not clearly related, and were not part of a common plan or scheme, and that intent was not actually an issue. Further, the defendant argues that the prejudice he suffered due to the trial court's decision to consolidate was aggravated both by the State's closing argument and by the trial court's instruction to the jury. While the State argues that the trial court correctly consolidated the two indictments for trial, it again contends that the merits of this issue should not be reached because the defendant has failed to provide a sufficient record for us to review the trial court's decision.

We disagree with the State's assertion that the record is not adequate to review this issue. After the two indictments were brought, the State filed a motion to consolidate on December 12, 1988, to which the defendant filed an objection. The trial court granted the motion after hearing argument in chambers on January 9, 1989; no transcript was made of that hearing. The defendant then filed a mo-

tion to sever on February 14, 1989, and the trial court heard argument on the record concerning this motion on October 10, 1989, during a hearing on several pre-trial motions. The State contended that the defendant failed to present any evidence in connection with the motion to sever which was not before the court when it granted the State's consolidation motion. There is no indication that the trial court specifically ruled on the motion to sever, and both indictments were tried together. We hold that this record is sufficient to permit the consolidation issue to be decided.

We will not disturb a trial court's consolidation ruling on appeal unless the defendant is able to demonstrate an abuse of discretion. *State v. Giordano*, 134 N.H. 718, 722, 599 A.2d 109, 111 (1991) (citing *State v. Fecteau*, 133 N.H. 860, 869, 587 A.2d 591, 596 (1991)). In making this determination, "we must ask whether the evidence in support of each offense was brief, simple and unlikely to confuse a jury, and easily referable to each crime." *State v. Cote*, 129 N.H. 358, 367, 530 A.2d 775, 780 (1987). In essence, the crucial question is "'whether the defendant's right to a fair trial was jeopardized by non-severance.'" *State v. Manna*, 130 N.H. 306, 309–10, 539 A.2d 284, 286 (1988) (quoting *Winders*, 127 N.H. at 473, 503 A.2d at 799 (1985)). In *Cote*, we upheld the consolidation of eight sexual assault charges, where the State called ten witnesses and the defendant called eleven, *Cote*, 129 N.H. at 367, 530 A.2d at 780, on the following grounds:

"(1) the evidence and testimony offered in support of each offense was not unduly lengthy; (2) the evidence was simple and the facts that the State was required to prove to establish each offense were not complicated; (3) the evidence relating to one offense was distinguishable from that relating to a different offense; and (4) the trial court was careful to caution the jury to consider each offense separately."

*Fecteau, supra* at 869, 587 A.2d at 596 (citing *Cote, supra* at 367–68, 530 A.2d at 780). In this case, the trial lasted for three days. Six witnesses testified for the State and three for the defendant; two of the State's witnesses were the victims. A review of the record indicates that the young girls testified in a succinct, unambiguous manner. In fact, Christine was able to differentiate between the defendant's actions in 1984 and another unrelated incident which took place that same year which involved a fifteen-year-old boy. Moreover, although the underlying facts of the two indictments at issue are somewhat similar, "the facts relating to the first assault are

readily distinguishable from those relating to the second." *Fecteau, supra* at 870, 587 A.2d at 596. The incidents involved two different victims and occurred approximately four years apart. The jury was also cautioned to consider each offense separately. *See State v. Chickering*, 97 N.H. 368, 370, 89 A.2d 206, 207 (1952) (jurors presumed to follow instructions). "Thus, '[t]he jury could easily examine and weigh the evidence in each case without risk of confusion since the charges arose out of [two] distinct incidents.'" *Fecteau supra* (quoting *Manna*, 130 N.H. at 310, 539 A.2d at 286). Accordingly, we find that the trial court did not abuse its discretion in consolidating the two cases for trial.

■ As previously stated, the defendant argues that indictments should be consolidated for trial only "'"when the crimes charged are related or apparently part of a common scheme or plan."'" *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984) (quoting *State v. Freije*, 109 N.H. 290, 291, 249 A.2d 683, 684 (1969)). He contends that the two incidents at issue are neither related, nor part of a common scheme or plan. This argument is without merit. As we recently explained in *Manna*, "the test is not that the several crimes are related or part of a common scheme or plan," *Manna*, 130 N.H. at 310, 539 A.2d at 286, but rather, "cases in which the charges are related or apparently part of a common scheme are simply instances where it would be apparent that consolidation of cases would be desirable." *Id.*

■ The defendant also contends that because intent was not in dispute, evidence of one charge would not have been admissible at a separate trial of the other under New Hampshire Rule of Evidence 404(b). Further, he argues that even if intent was at issue, the probative value of allowing such evidence was outweighed by its prejudicial effect. The State claims not only that intent was at issue in the felonious sexual assault charge, but that "other bad act evidence" would have been admissible in either trial to prove identity; this was one of the arguments which the State made in its motion to consolidate. A showing that evidence of each crime would be admissible in a trial of the other under Rule 404(b) is not essential, however, to a finding that consolidation was proper, but a showing of admissibility is supportive of consolidation. *See Manna supra*; N.H. R. Ev. 404(b) ("Evidence of other crimes . . . may . . . be admissible [to demonstrate] proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake"). We note that, if Rule 404(b)

did apply to this case, this evidence would have been admissible, as both intent and identity were arguably at issue. *See State v. Pond*, 132 N.H. 472, 475, 567 A.2d 992, 994 (1989) (*mens rea* for felonious sexual assault is "purposely," which is synonymous with "intentionally"); *State v. Hickey*, 129 N.H. 53, 61, 523 A.2d 60, 65 (1986) (because State was required to prove the highest of the culpable states of mind, the evidence would have been admissible); *Baker v. United States*, 401 F.2d 958, 975 (D.C. Cir. 1968) (the principal elements of prejudice from a joint trial are largely absent in a situation where evidence of each of the joined offenses would be admissible in a separate trial for the other, under the rules governing admissibility of "other crimes" evidence) (cited in *Manna*, 130 N.H. at 310, 539 A.2d at 286–87).

Accordingly, the trial court did not abuse its discretion in consolidating the charges for trial.

*Affirmed.*

All concurred.