Hillsborough
No. 90-445

THE STATE OF NEW HAMPSHIRE

V.

KEVIN HUGHES

March 25, 1992

414

*John P. Arnold*, attorney general (*David S. Peck*, senior assistant attorney general, on the brief and orally), for the State.

*Kinghorn & Maynard P.A.*, of Nashua (*Steven L. Maynard* on the brief and orally), for the defendant.

HORTON, J. This is an interlocutory appeal from the Superior Court's (*Hampsey*, J.) denial of the defendant's motion to dismiss a misdemeanor charge for possession of marijuana. The issue presented in this case is whether the earlier dismissal of a felony indictment against the defendant under the rule enunciated in *State v. Hastings*, 120 N.H. 454, 417 A.2d 7 (1980), bars this subsequent misdemeanor prosecution initiated by an information and alleging a lesser-included offense of the felony. For the reasons stated herein, we affirm the trial court's ruling.

The State urges that we reconsider the sixty-day rule set forth in *Hastings*, and has repeatedly pressed this argument in all recent *Hastings* issues before this court. In *Hastings*, we announced a rule requiring the State to bring an indictment against an accused within sixty days from the date of his arrest or show that any delay beyond that period was reasonable. *Hastings*, 120 N.H. at 455–56, 417 A.2d at 8. For the reasons set forth below, we decide that reconsideration is appropriate and, after considering the genesis and history of the rule, its administration, and its propriety under present conditions, we revoke the sixty-day rule.

On October 17, 1989, the State brought an indictment against the defendant for possession of marijuana with intent to sell. Because seventy-four days had elapsed between the date of the defendant's arrest on August 3, 1989, and the date of this indictment, and because the State was unable to demonstrate the reasonableness of this delay, the Superior Court (*Gray*, J.) dismissed the indictment pursuant to *Hastings*. This dismissal occurred on April 13, 1990. Four days later the county attorney's office filed an information against the defendant. The information stemmed from the same incident but charged the defendant only with the misdemeanor of possession of a controlled drug in violation of RSA chapter 318-B. The misdemeanor offense constituted a lesser-included offense of the felony alleged in the earlier indictment.

On June 1, 1990, the defendant filed a motion to dismiss the misdemeanor charge. The trial court denied the motion on the ground that

the *Hastings* dismissal of the indictment was a procedural matter and, hence, did not bar a subsequent prosecution by means of a misdemeanor information. In a later-filed motion for reconsideration and clarification, the defendant asserted that, although the *Hastings* rule was based technically upon a sixty-day procedural period, its underlying purpose was to protect an accused's substantive right to a speedy trial under the Federal and State Constitutions. *See* U.S. CONST. amend. VI; N.H. CONST. pt. I, art. 14. The defendant further contended that the *Hastings* dismissal was with prejudice and, therefore, any subsequent prosecution would violate his right to be free from double jeopardy. *See* U.S. CONST. amend. V; N.H. CONST. pt. I, art. 16. Consequently, the defendant argued, the second prosecution, even though for a lesser-included offense and initiated by information rather than indictment, skirted the substantive bar created by the earlier dismissal and nullified the protection afforded by the *Hastings* rule. On August 30, 1990, the trial court denied the defendant's motion for reconsideration and clarification, but granted leave to initiate the interlocutory appeal presently before us. We address each of the defendant's arguments in turn.

▓ The defendant first asserts that *Hastings* sets forth a procedural period of sixty days during which the State must indict a defendant in order that his substantive right to a speedy trial will not be violated. We disagree. In *Hastings* itself, we found that despite more than sixty days of pre-indictment delay, no constitutional violation arose because the delay had "not yet violated the right to speedy trial." *Hastings*, 120 N.H. at 455, 517 A.2d at 8. Later cases made it even more clear that the *Hastings* sixty-day limit is a judicially created rule, derived solely from our rule-making authority under part II, article 73-a of the New Hampshire Constitution, and that it is without independent constitutional dimension. *See, e.g., State v. Brown*, 125 N.H. 346, 348, 480 A.2d 901, 903 (1984); *State v. Preston*, 124 N.H. 118, 119, 467 A.2d 243, 244 (1983). Clearly, a violation of the *Hastings* rule does not presuppose an automatic violation of the right to speedy trial. Since the defendant has failed to present any independent evidence, aside from the *Hastings* violation, to show that his speedy trial rights were violated, we find no speedy trial violation.

▓ We next address whether a dismissal under the sixty-day rule, standing alone, necessarily acts as a substantive bar to further prosecution. The sixty-day rule is apposite only to the period between arrest and indictment. *See, e.g., State v. Adams*, 133 N.H. 818,

822, 585 A.2d 853, 854–55 (1991) (*Hastings* inapplicable where the defendant was never arrested or bound over to the grand jury); *State v. Moses*, 128 N.H. 617, 618–19, 517 A.2d 839, 840 (1986) (*Hastings* inapplicable where the defendant's arrest followed his indictment). Its purpose is to lessen the adverse consequences of pre-indictment arrest. *Adams*, 133 N.H. at 822, 585 A.2d at 854–55. The rule is simply an objective standard by which the court may grant relief to an accused who has been burdened by the incidents of arrest, even though there may be no violation of the speedy trial clause. When the State violates the sixty-day rule, the indictment must be dismissed unless the State is able to demonstrate that the delay was reasonable. *Hastings*, 120 N.H. at 455–56, 417 A.2d at 8. The dismissal of the indictment removes the burdens of the incidents of arrest; it does not insulate the defendant from the consequences of the criminal act charged. Also, the rule has never been stated to include an absolute bar to subsequent prosecution. We hold, therefore, that the *Hastings* rule was not intended to limit the type of subsequent prosecution utilized by the State in this case.

The defendant also argues that we should exercise our power under part II, article 73-a of the New Hampshire Constitution and extend the *Hastings* rule to bar further prosecution under the circumstances of this case. We decline to adopt such an extension.

The State proposes that we overturn *Hastings*. A reasonably prompt testing in the grand jury crucible should be afforded to every arrested defendant, because burdens incident to arrest can be lifted if the grand jury refuses to indict. The question we frame for reconsideration is whether the arbitrary sixty-day time limit imposed by *Hastings* is appropriate at this time.

The *Hastings* rule arose from the common perception that arrested parties frequently bore the adverse consequences of arrest for inordinately long periods of time without indictment. It gave fair warning to the prosecution that indictments must be procured in a timely manner and it provided the trial court with a valuable tool to enforce prompt indictment. As with any fixed time limit, the sixty-day rule resulted in cases with varying levels of merit. Today's reconsideration of *Hastings* is based on the history, administration, and interpretation of the sixty-day rule and its propriety under present circumstances.

In the years since *Hastings* was decided, we have had many occasions to apply the sixty-day rule. Our application of the rule has been quite tolerant of State error. We have explained that the sixty-day rule "should not be mechanically applied so as to dismiss an indict-

ment whenever there is a short delay in bringing the indictment." *State v. Berger*, 125 N.H. 83, 91, 480 A.2d 27, 31 (1984). Also, in reviewing *Hastings* claims, we have utilized the highly deferential abuse of discretion standard. *State v. Hughes*, 123 N.H. 66, 67, 455 A.2d 1069, 1070 (1983). As the following review of the cases decided under *Hastings* indicates, in almost every instance where a *Hastings* claim has been advanced, we have found, albeit for different reasons, that the State's grounds for the delay were reasonable or that the sixty-day rule did not apply. *But see State v. Wellman*, 128 N.H. 340, 348–49, 513 A.2d 944, 950 (1986) (receiving stolen property indictment returned 108 days after arrest dismissed).

In the cases set forth below, we upheld the trial court's determination that the State's asserted reason for the delay in bringing the indictment was reasonable. In *Hughes*, 123 N.H. at 67, 455 A.2d at 1070, the defendant was not indicted until sixty-eight days had elapsed from the date of her arrest. The county attorney explained that the delay was caused by the need to engage in further investigation. *Id.* We found that the record supported the trial court's determination that the delay was reasonable. *Id.* We again found in *Berger*, 125 N.H. at 90, 480 A.2d at 31, that an indictment brought seven days beyond the sixty-day limit due to the State's efforts to complete an undercover investigation and assess the "quality of the police investigation of the defendant" was reasonable. In *State v. Perez*, 134 N.H. 667, 668, 597 A.2d 73, 74 (1991), we upheld the trial court's determination that a nine-day delay due to clerical error "was short and not unreasonable." We also recently held that an indictment returned eighty-three days after arrest due to administrative error was reasonable. *State v. Dodier*, 135 N.H. 134, 141–42, 600 A.2d 913, 917–18 (1991). Particularly, the State explained that a requested analysis of drugs pertinent to the case was not accomplished in a timely manner by the State laboratory due to tardiness on the part of the Dover police. We found that the State seasonably requested the test and that the police department's error "should not be imputed to the State in this instance." *Id.* at 142, 600 A.2d at 918. We further stated that the delay need not be necessary to obtain the indictment in order to be reasonable. *Id.* at 141, 600 A.2d at 918.

Only in *Wellman*, 128 N.H. at 349, 513 A.2d at 950, did we find the State's delay to be unreasonable. In *Wellman*, the defendant was convicted of accomplice to burglary and receiving stolen property at separate trials and appealed each conviction. As to the receiving stolen property conviction, we found the State's contention that it

did not seek an indictment within sixty days due to ongoing plea negotiations to be unreasonable. *Id.*

In the following cases, we found that because an arrest never took place, *Hastings* did not apply. In *Preston*, 124 N.H. at 121, 467 A.2d at 243, we held that an inmate who was placed in administrative segregation after assaulting a prison guard was not arrested for purposes of *Hastings*. Similarly, in *State v. Sampson*, 125 N.H. 544, 545, 484 A.2d 1104, 1105 (1984), we found that the recapture of an escaped prisoner did not constitute an arrest for *Hastings* purposes because the defendant was "never lawfully out of State custody." In a similar vein, we held in *Brown*, 125 N.H. at 348, 480 A.2d at 903, that the *Hastings* period did not include those days in which the defendant was a fugitive from justice.

We have also found that *Hastings* was not violated in those situations where a timely indictment, later found to be defective, was superseded by a second indictment. In *State v. Pinder*, 128 N.H. 66, 70, 514 A.2d 1241, 1243 (1986), the defendant was indicted within sixty days of his arrest, but the indictment was defective because it failed to assert a culpable mental state. A second indictment, identical to the first but for the fact that it included the pertinent mental state, was returned eleven months subsequent to the defendant's arrest. *Id.* We found that the *Hastings* requirement was satisfied as the initial indictment, despite its defect, "nevertheless apprised the defendant of the nature and cause of the accusation against him." *Id.* Because the defendant was not surprised by the second indictment his defense was not in any way prejudiced. *Id.* A similar argument was advanced in *Wellman*, 128 N.H. at 344, 513 A.2d at 946, concerning the defendant's burglary conviction. The initial indictment was erroneous because it failed to allege a necessary element of the crime charged. *Id.* at 343, 513 A.2d at 946. A second indictment was returned 108 days after arrest correcting the earlier omission. We found that although defective, the initial indictment "sufficiently apprised [the defendant] for *Hastings* purposes" of the State's charge and that the latter indictment did not work any surprise on the defendant. *Id.* at 344, 513 A.2d at 946–47.

In the following cases, we held that *Hastings* was inapplicable because the indictment preceded the arrest. In *Adams*, 133 N.H. at 822, 585 A.2d at 854, the defendant argued that *Hastings* was violated because he was not indicted within sixty days. We disagreed and held that *Hastings* did not apply because the defendant was never arrested or bound over to a grand jury. *Id.* at 822, 585 A.2d at 855. In *State v. Moses*, 128 N.H. at 619, 517 A.2d at 841, we found

that *Hastings* did not apply to a situation where the defendant was arrested after he had been indicted.

More recently, in *State v. Dery*, 134 N.H. 370, 594 A.2d 149 (1991), we again found that *Hastings* did not apply. We explained that "when a defendant is initially indicted in compliance with *Hastings* and is subsequently reindicted, we determine the appropriateness of the later delay in light of the defendant's constitutional right to a speedy trial, rather than our court-created right to a speedy indictment." *Id.* at 374, 594 A.2d at 151.

Today, we observe the administration of justice as impacted by the reforms of the *Hastings* rule. The rule has made its mark. The need for prompt indictment is generally accepted and honored. Remedial measures have been instituted by the various counties. As the State explains, grand juries presently meet once a month in Carroll, Cheshire, Hillsborough, Merrimack and Rockingham counties, and at least every sixty days in the remaining counties, thus allowing the State to seek an indictment within a reasonable time frame.

The most serious adverse consequence of arrest, incarceration without a showing of probable cause, is avoided today by new procedural protections. Building on RSA 594:20-a (Supp. 1991) (requiring that an incarcerated arrestee be brought before a district or municipal court for arraignment within 24 hours, not including Sundays and holidays) and *Gerstein v. Pugh*, 420 U.S. 103 (1975), the district court has required a determination of probable cause for detention at the time of arraignment. DISTRICT COURT ADMINISTRATIVE ORDER 91–01; *see also County of Riverside v. McLaughlin*, — U.S. —, —, 111 S. Ct. 1661, 1670 (1991) (*Gerstein* detention hearing held within 48 hours is presumptively reasonable). In addition, District Court Administrative Order 91-03 requires that where a defendant has been charged with a felony and detained, a preliminary examination must be scheduled within ten days of arraignment.

■ We find that the sixty-day rule enunciated in *Hastings* has served its purpose and we see no reason to continue the arbitrary time limitation for indictment. In terminating the sixty-day rule, we do not intend to dilute the spirit of *Hastings*, and we strongly recommend continued vigilance to protect the right to prompt indictment. We continue to see no reason why indictments, issued in the ordinary course, should be returned more than sixty days from the day of arrest, but we revoke the arbitrary time limitation and the burden of the State to show the reasonableness of any delay in returning an indictment beyond the sixty-day period. Instead, we leave the trial

court with discretion to deal with tardy indictments which have led to material prejudice to the defendant, prejudice either in his defense or in violation of other due process rights.

Revocation of the *Hastings* sixty-day rule does not deprive the accused of protection against unreasonable delay between arrest and indictment. "Citizens cannot be arrested without probable cause; thus, if they are arrested there should usually be no reason to delay presentment of an indictment." *Hastings*, 120 N.H. at 455, 417 A.2d at 8 (citing *Whiteley v. Warden*, 401 U.S. 560 (1971)). We recognize that "[u]nder certain circumstances, the State's delay in bringing criminal charges against a defendant may cause actual prejudice to the defendant and result in a denial of due process." *State v. Ramos*, 131 N.H. 276, 282, 553 A.2d 275, 279 (1988) (citing *United States v. Marion*, 404 U.S. 307, 324 (1971)). The defendant shall assert unreasonable delay and prejudice. The burden, however, will now be upon the defendant to demonstrate that he has suffered material prejudice as a result of the delay. *Id.* (citing *United States v. Lieberman*, 608 F.2d 889, 902 (1st Cir. 1979), *cert. denied*, 444 U.S. 1019 (1980)). The trial court must then "balance the resulting prejudice against the reasonableness of and the reasons for the delay." *Id.; see also Marion*, 404 U.S. at 316 n.8 (citing cases that "have stated that pre-indictment delay may be cause for dismissal but they have seemed to treat the question primarily as one of due process . . . and have required a showing of actual prejudice"). An additional safeguard against undue delay continues to be the right to a speedy trial, which attaches at the time of arrest. *Hastings*, 120 N.H. at 455, 417 A.2d at 8.

Finally, we hold that today's decision terminating the sixty-day arbitrary time limitation set forth in *Hastings* is to be applied prospectively. *See Commonwealth v. Milliken*, 450 Pa. 310, 314–15, 300 A.2d 78, 81 (1973).

*Affirmed.*

All concurred.