THE STATE OF NEW HAMPSHIRE

v.

ROMUALD VAILLANCOURT

September 10, 1992

*John P. Arnold*, attorney general (*Michael J. Walls*, senior assistant attorney general, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief for the defendant.

BROCK, C.J. The defendant, Romuald Vaillancourt, was convicted by a jury in the Superior Court (*Barry*, J.) of felonious sexual assault, RSA 632-A:3, III, and sentenced to serve three to seven years in the New Hampshire State Prison. The single issue on appeal is whether the trial court erred in denying the defendant's motion to dismiss on the ground that the State failed to indict him within sixty days after his arrest, in violation of *State v. Hastings*, 120 N.H. 454, 417 A.2d 7 (1980). We find no error and affirm.

The defendant was arrested on August 20, 1989, for felonious sexual assault and indicted on October 19, 1989. The four indictments alleged that on separate occasions the defendant

"did purposely engage in sexual contact with a person other than his legal spouse who was under 13 years of age, to wit: did purposely touch with his hand Eric H. (DOB 8-12-76) age 11 or 12 by rubbing with his hand the clothing covering the immediate area of the victim's intimate parts, to wit: the victim's groin."

On November 21, 1990, the State reindicted the defendant in order to add to the language of the original indictments the following: "said [sexual] contact being construed as being for the purpose of sexual gratification or arousal." The defendant moved to dismiss the indictments alleging that the fifteen-month delay between his arrest and the second set of indictments violated the *Hastings* rule. The court denied the motion, and this appeal followed the defendant's conviction.

As a preliminary matter, we note that this case arose prior to our decision in *State v. Hughes*, 135 N.H. 413, 605 A.2d 1062 (1992), in which we prospectively terminated the *Hastings* rule in recognition of "new procedural protections" now in place that have alleviated our concern that an accused may be subjected to lengthy incarceration without a showing of probable cause. Accordingly, the defendant is entitled to any applicable benefits conferred by the *Hastings* rule. The rule, simply stated, requires the State to indict an accused within sixty days of arrest or show that any delay beyond that period was not unreasonable. *Hastings*, 120 N.H. at 455–56, 417 A.2d at 8. For the following reasons, however, we hold that *Hastings* does not avail the defendant.

The defendant contends that because the original indictments did not include the language "for the purpose of sexual arousal or gratification," they alleged only misdemeanors of unprivileged physical contact in violation of RSA 631:2-a, (I)(a). The defendant, however, mischaracterizes this language as stating an element of felonious sexual assault. Instead, it merely defines the element of "sexual contact" in RSA 632-A:3, III. *See* RSA 632-A:1, IV (statutory definition of sexual contact); *State v. Pond*, 132 N.H. 472, 477, 567 A.2d 992, 995 (1989) (no requirement that State include statutory definitions of terms used in indictment because definition is incorporated by use of term). Consequently, its absence did not render the original indictments defective. Therefore, the defendant was properly indicted within sixty days of his arrest.

Yet, even were we to assume, for purpose of argument, that the first indictments were defective, the rule in *Hastings* would not be

violated under the facts of this case. We have previously held that when an indictment is defective for lack of an essential element, *Hastings* does not apply if the defendant is sufficiently apprised of the charged conduct. *See State v. Wellman*, 128 N.H. 340, 344, 513 A.2d 944, 947 (1986); *State v. Pinder*, 128 N.H. 66, 70, 514 A.2d 1241, 1243–44 (1986).

 In this case, the first indictments adequately notified the defendant that he was charged with felonious sexual assault. The first indictments charged the defendant with the exact terms of RSA 632-A:3, III. Such language would have been irrelevant if the charge were simple assault. *Cf. State v. Wright*, 126 N.H. 643, 646–47, 496 A.2d 702, 704 (1985). They additionally included facts and circumstances from which the charges arose. The statutory provision of the criminal code establishing felonious sexual assault was included on the face of the indictments. Given these circumstances, the original indictments could not possibly have misled the defendant to assume that he faced only the misdemeanor charge of simple assault.

Thus, we conclude that the trial court did not abuse its discretion in denying the defendant's motion to dismiss.

*Affirmed.*

All concurred.