# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2013-0860, <u>State of New Hampshire v. Tino Marino</u>, the court on February 19, 2015, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Tino Marino, appeals the order of the Superior Court (<u>Brown</u>, J.) finding him in violation of probation, <u>see</u> RSA 504-A:4 (2010), and imposing his previously suspended sentence.  The defendant argues that the trial court failed to make a proper inquiry as to whether he wished to represent himself at the probation violation hearing.

Both Part I, Article 15 of the State Constitution and the Sixth Amendment to the Federal Constitution guarantees a criminal defendant the right to self-representation.  <u>State v. Towle</u>, 162 N.H. 799, 803 (2011).  To be effective, an assertion of the right to self-representation must be:  (1) timely; (2) clear and unequivocal; and (3) knowing, intelligent and voluntary.  <u>Id</u>.

The record shows that on August 22, 2013, the court held a status conference, at which the defendant was represented by his appointed counsel from the public defender's office.  The defendant appeared by video and advised the court that he wished to represent himself at the probation violation hearing.  The court instructed defense counsel to file a motion for status of counsel and advised the defendant that the court would schedule a hearing on the motion, which he could attend in person.

On September 30, 2013, the trial court held a hearing on the motion.  At the hearing, the defendant made equivocal statements regarding his wish to represent himself before advising the court that he needed additional time to decide.  The trial court issued an order noting that the defendant was undecided as to how he wished to proceed and that the status of counsel would not change.

One month later, at a motion hearing on Wednesday, October 30, 2013, the trial court advised the defendant as follows:

So I think the next issue really is whether you intend to proceed with [appointed counsel], represent yourself, seek another counsel,

or seek stand-by counsel.  And that is a decision that you should make and can make.

When the defendant responded by stating that he had not had a sufficient opportunity to discuss the issue with his appointed counsel, the trial court advised the defendant as follows:

I'll give you until Monday [November 4, 2013] to let us know whether – you can do it through counsel.  Counsel will either say, "On reflection, he's decided to represent himself," "I am continuing to represent him," or "There's going to be stand-by counsel," and [appointed counsel] can explain that.

The record fails to show how the defendant responded to the court's October 30, 2013 instructions.  The transcript of the November 22, 2013 probation violation hearing shows that the defendant was represented by the same appointed counsel, and nothing in the hearing transcript suggests that the defendant wished to proceed differently.  "It is well established that the burden of providing this court with a sufficient record to decide the issue raised on appeal is upon the moving party, in this case, the defendant." State v. Bergmann, 135 N.H. 97, 99 (1991).  In the absence of a record sufficient to show how the defendant responded to the court's instructions, we must assume that the facts support the trial court's decision to allow the defendant to proceed with his appointed counsel at the probation violation hearing.  See State v. Woods, 139 N.H. 399, 403 (1995) (noting that in the absence of a transcript, the evidence is presumed to support the result reached by the trial court).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2