UNITED STATES of America

v.

**Raymond GRANT, Defendant.**

No. 77 Cr. 81.

United States District Court,
S. D. New York.

July 20, 1977.

Robert B. Fiske, Jr., U.S. Atty., Peter N. Duhamel, Asst. U.S. Atty., of counsel, for the Government.

Jack Lipson, Legal Aid Society, New York City, for defendant.

IRVING BEN COOPER, District Judge.

Defendant pled guilty to a one-count indictment which charged him with escaping from the Federal Correctional Center, Danbury, Connecticut, where he was incarcerated on a three year sentence for mail fraud. At the time of the plea, we granted him leave to file a motion addressed to what he claimed was a "faulty arrest"; we made it perfectly clear that if we upheld him, we

would set his plea aside and dismiss the charge. His motion to dismiss the indictment, alleging various violations of his constitutional and statutory rights, is now before us for decision. As will readily appear below, defendant's claims are without merit and the motion is denied in its entirety.

The relevant facts follow: Defendant was sentenced in the United States District Court, Southern District of New York on May 17, 1976 to a term of imprisonment of three years (and three years probation) following his conviction for mail fraud. On July 21, 1976, he escaped from custody while on a supervised furlough from Danbury prison to attend his mother's funeral. He was recaptured by federal agents in Oakland, California on October 22, 1976, and was subsequently returned to federal prison at Danbury and then at Lewisburg Penitentiary in Pennsylvania.

On February 3, 1977, defendant was indicted by a federal grand jury in the Southern District of New York for a violation of 18 U.S.C. § 751(a), escape from custody of the Attorney General. He pled not guilty to the charge on February 17 and the case was assigned to us pursuant to local Calendar Rule 7. Grant subsequently decided to change his plea which, after thorough inquiry, we unhesitatingly accepted on June 1 with permission granted to raise at a later time the issue of constitutional infirmities surrounding his apprehension in Oakland in October 1976.

The crux of defendant's claim is that he was unlawfully arrested and detained without being given access to an attorney, a hearing before a magistrate and various other constitutional guarantees, including the right to a speedy trial. (Affidavit of Raymond Grant, sworn to June 15, 1977, pp. 1, 3.)

■ It has been held that the rights of an accused to a prompt hearing before a magistrate, to be informed of the nature of the offense and to the effective assistance of counsel, do not apply to an escapee already in legal custody. See *Keaveny v. United States*, 405 F.2d 821 (5th Cir. 1969); *Rademacher v. United States*, 285 F.2d 100

(5th Cir. 1960). The rationale of these decisions is that the recapture of an escapee merely returns him to the lawful custody of the Attorney General pursuant to the original judgment and commitment. That the Government subsequently chooses to prefer charges arising out of the escape from federal custody is of no constitutional moment.

The safeguards which inhere to an arrested individual prior to the return of formal charges are designed to protect the rights of a person presumed to be innocent until proven otherwise. Such concerns are not present here since the defendant was merely returned to the lawful custody of the Attorney General to complete the period of incarceration pursuant to a prior judgment and commitment. See *Mullican v. United States*, 252 F.2d 398 (5th Cir. 1958); cf. *United States v. Carignan*, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48 (1951).

■ Defendant also asserts a denial of his right to a speedy trial pursuant to statute and local rule. 18 U.S.C. §§ 3161–3174; United States District Court, Southern District of New York, *Plan for the Prompt Disposition of Criminal Cases*, Rule 3. Rule 3 provides in pertinent part:

(a) If an individual is arrested or served with a summons and the complaint charges an offense to be prosecuted in this district, any indictment subsequently filed in connection with such charge shall be filed . . . (2) within 60 days of arrest or service.

In the present case, the language of Rule 3(b) is applicable:

If a person has not been arrested or served with a summons on a Federal charge, an arrest will be deemed to have been made at such time as the person . . . (iii) appears before a judicial officer in connection with a Federal charge.

Thus, defendant's speedy trial rights, if any, attached when he was arraigned on the escape charge in the Southern District on February 17, 1977. The four month period between his capture in October 1976 and his arraignment was time served in the

custody of the Attorney General on the previously imposed sentence of three years for mail fraud. Accordingly, no speedy trial right was violated by his indictment on the escape charge four months after his return to federal custody.

For the foregoing reasons, we reject defendant's claims that his constitutional rights were violated by virtue of his capture and return to federal custody, and that he was denied speedy justice on the escape charge. Accordingly, we are constrained to, and do, deny in its entirety defendant's motion to dismiss the indictment.

SO ORDERED.