Merrimack
No. 83-493

THE STATE OF NEW HAMPSHIRE

v.

GARY SAMPSON

October 4, 1984

*Gregory H. Smith,* attorney general (*Brian T. Tucker,* assistant attorney general, on the brief), by brief for the State.

*Pizzimenti & Immen,* of Concord (*Dennis Pizzimenti* on the brief), by brief for the defendant.

DOUGLAS, J. The issue presented in this case is whether the recapture of an escaped prisoner constitutes an arrest for the purpose of the *Hastings* speedy indictment rule. We hold that it does not.

The defendant, Gary Sampson, escaped from the New Hampshire State Prison halfway house known as the Shea Farm at approximately 6:00 p.m. on May 26, 1983. About three hours later, the Concord police apprehended the defendant and returned him to the Shea Farm. On August 19, 1983, the defendant was indicted for the crime of escape. RSA 642:6.

The defendant moved to dismiss the charge, arguing that the 85-day interval between his recapture and indictment violated the *Hastings* rule, which requires that an indictment be brought within sixty days of arrest unless the State can demonstrate that the delay was not unreasonable. *State v. Hastings,* 120 N.H. 454, 455–56, 417 A.2d 7, 8 (1980). The Superior Court (*Flynn,* J.) denied the motion, and the defendant seasonably excepted. In the trial that followed, the Court (*Cann,* J.) found the defendant guilty of escape and ordered him to serve a one-to-three year sentence consecutive to the sentence he was then serving.

RSA 594:1, I (Supp. 1983) defines an arrest as "the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime." Since the apprehension of the defendant in the present case fails to meet either of these statutory requirements, we hold that his recapture was not an arrest for the purpose of the *Hastings* speedy indictment rule.

First, the defendant was not "taken into custody" on May 26, 1983, because he was never lawfully out of State custody. He remained in official custody at all times by virtue of the previously imposed sentence against him. Although his escape put him temporarily out of the physical control of State officials, the defendant's liberty was always restrained and he was never free to move about as he pleased. He was in the constructive custody of the State. "Custody does not necessarily mean actual physical detention in jail or prison. Rather the term is synonomous [sic] with restraint of liberty." R. SOKOL, FEDERAL HABEAS CORPUS, § 6.1 at 66 (1969 ed.), *quoted in United States et rel. Wirtz v. Sheehan,* 319 F. Supp. 146, 147 (E. D. Wis. 1970); *cf. Jones v. Cunningham,* 371 U.S. 236 (1963) (State prisoner who has been placed on parole is "in custody" for purposes of habeas corpus proceedings).

Second, the defendant was not apprehended to answer for the commission of a crime, but to be returned to prison to serve a pre-

viously imposed sentence. Indeed, the apprehending officers did not need probable cause, a requirement for an arrest, in order to recapture the defendant. Merely identifying him was ground enough to pick him up and take him back to prison.

The present case is analogous to that of *State v. Preston*, 124 N.H. 118, 467 A.2d 243 (1983). There, an inmate of the New Hampshire State Prison struck a guard with a club and was moved from protective custody to administrative segregation in the maximum security annex. He was indicted for assault over four months later. The defendant moved to dismiss, alleging that the move to administrative segregation constituted an arrest and that the State had failed to bring an indictment within sixty days as required by *Hastings*. The superior court denied the motion and we affirmed, holding that such a transfer was not an arrest within the meaning of the *Hastings* rule, but that the transfer was simply a matter of prison policy and discipline. *Id.* at 120, 467 A.2d at 245.

Similarly, the defendant here was subject to prison authority at all times, and his recapture was made pursuant to that authority. *See also State v. Collins*, 115 N.H. 499, 345 A.2d 162 (1975) (placing of defendant in solitary confinement as result of a stabbing incident for which he was later indicted was not an arrest).

Our holding today is in accord with federal cases which have stated that the recapture of an escaped prisoner by public officials is not an arrest for the purpose of an analogous federal statute. *United States v. Wilson*, 690 F.2d 1267, 1276 (9th Cir. 1982), *cert. denied*, 104 S. Ct. 205 (1983) (construing 18 U.S.C. § 3161); *United States v. Bradley*, 566 F. Supp. 1392, 1396 (D.D.C. 1983); *United States v. Grant*, 433 F. Supp. 1113, 1114–15 (S.D.N.Y. 1977).

In the past this court has expressed concern that application of the *Hastings* timely indictment rule to prisoners already in the custody of the State would unduly hamper the investigatory and discretionary prosecutorial functions of the State. *State v. Preston*, 124 N.H. at 120, 467 A.2d at 245. Not all infractions of prison rules, including escapes, lead to indictments. A prosecutor, merely by returning an escapee to prison under authority of a previous conviction, should not lose his or her ability to conduct a thorough investigation of the facts and circumstances surrounding the escape and to decide whether indictment is warranted.

■ Even though the *Hastings* rule is inapplicable here since it attaches only at the time of arrest, we recognize that an arbitrary delay between the time of an offense and the time of indictment may prejudice the defendant and result in a denial of due process. *State v. Philibotte*, 123 N.H. 240, 244, 459 A.2d 275, 277 (1983); *State v.*

*Collins,* 115 N.H. 499, 502, 345 A.2d 162, 165 (1975); *United States v. Marion,* 404 U.S. 307, 324–25 (1971). The defendant in this case, however, has not alleged such a violation. Accordingly, we affirm the decision of the lower court denying defendant's motion to dismiss.

*Affirmed.*

All concurred.