UNITED STATES of America, Appellant,

v.

Madjid SAIRAFI, Appellee.

No. 86–5541.

United States Court of Appeals, Fourth Circuit.

Argued July 17, 1986.

Decided Sept. 22, 1986.

William G. Otis, Asst. U.S. Atty. (Justin W. Williams, U.S. Atty., Henry E. Hudson, U.S. Atty., Alexandria, Va., on brief), for appellant.

Brent A. Jackson (Taylor & Jackson, P.C., Richmond, Va., on brief), for appellee.

Before WINTER, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

The district court dismissed the defendant's indictment for escape on the ground that, in violation of 18 U.S.C. § 3161(b) (the Speedy Trial Act), the indictment was not filed within thirty days from the date on which defendant was arrested. The government appeals and we reverse.

## I.

On May 22, 1985, while defendant was an inmate at the federal correctional institution at Petersburg, Virginia, he escaped. He boarded a plane destined for Louisiana and was apprehended in Louisiana immediately after the plane landed. The law enforcement officer who seized the defendant testified that he did so because defendant "was an escaped prisoner," and that he was taken into custody "[j]ust to put him back in the system." There was no arrest warrant or other document ordering or authorizing defendant's arrest on a charge of escape. Although he was retained in custody, he was not indicted for a violation of 18 U.S.C. § 751 (escape from federal institution) until December 16, 1985.

Because the indictment was not returned until more than thirty days after defendant was returned to custody, the district court granted defendant's motion to dismiss it.

## II.

The applicable provision of the Speedy Trial Act is 18 U.S.C. § 3161(b) which states that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." The issue which is thus presented is whether defendant was "arrested" within the meaning of § 3161(b) when he was apprehended and returned to custody in Louisiana on May 22, 1985.

The district court ruled that the initial seizure of defendant was an arrest triggering the thirty day requirement of § 3161(b). Two courts of appeals, however, have ruled that the recapture of an escaped prisoner is not an arrest as contemplated by § 3161(b) because "[t]he right to a speedy trial on a charge is triggered by arrest only where the arrest is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which the defendant is eventually tried," while, by contrast, the recapture of an escaped offender occurs because "defendant is subject to recapture and continued custody based on his original conviction." *United States v. Stead,* 745 F.2d 1170, 1172–73 (8 Cir.1984); *accord United States v. Ray,* 768 F.2d 991, 995–97 (8 Cir.1985); *United States v. Wilson,* 690 F.2d 1267, 1276 (9 Cir.1982).*

We are persuaded that the Eighth and Ninth Circuits have correctly interpreted § 3161(b), and we follow them as the rule for this circuit.

REVERSED.

* We note that except for the instant case, every other court which has considered the issue has reached this conclusion. *See United States v. Bradley,* 566 F.Supp. 1392 (D.D.C. 1983); *United States v. Kripplebauer,* 463 F.Supp. 291 (E.D.Pa. 1978); *United States v. Grant,* 433 F.Supp. 1113 (S.D.N.Y.1977).