

Deborah J. Daniels, U.S. Atty., Kathleen M. Sweeney, Sharon Jackson (argued), Office of the U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

John A. Betts, Marseilles, Ill., argued, for defendant-appellant.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Camilo AYALA–RIVERA, Defendant–Appellant.**

**No. 90–2300.**

United States Court of Appeals, Seventh Circuit.

Argued May 31, 1991.

Decided Jan. 24, 1992.

Before CUDAHY, POSNER and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Appellant Camilo Ayala–Rivera pleaded guilty to the charge of escape from a federal prison and was sentenced to eighteen months imprisonment. On appeal, he seeks to vacate his conviction and sentence. For the following reasons, we affirm.

I

BACKGROUND

In the summer of 1988, Mr. Ayala–Rivera pleaded guilty in the United States District Court for the Northern District of Illinois to distribution of cocaine and conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The court sentenced him to five years imprisonment.

In October 1989, Mr. Ayala–Rivera was serving his sentence at the federal prison camp at Terre Haute, Indiana. Sometime on or about October 25th, Mr. Ayala–Rivera walked away from the prison camp. He claimed that he left to find a private doctor to minister to a health problem. On the morning of October 27th, he was apprehended near the camp by Bureau of Prisons Lt. Mark Hanley, who spotted Mr. Ayala–Rivera walking away from the camp down a Terre Haute road. At the time he

saw Mr. Ayala–Rivera, Lt. Hanley was driving his children to school.

On November 29, 1989, a grand jury indicted Mr. Ayala–Rivera for escape, in violation of 18 U.S.C. § 751. Prior to trial, he pleaded guilty, and on April 29, 1990, the court held a sentencing hearing. At the hearing, Mr. Ayala–Rivera waived preparation of a new presentencing report and allowed the court to rely on the report created for his 1988 drug conviction. That report showed that in 1981 a California court had convicted Mr. Ayala–Rivera for reckless driving and sentenced him to two years probation. The report also stated that Mr. Ayala–Rivera and the government had agreed as part of their plea arrangement for the drug offenses that Mr. Ayala–Rivera "has no prior conviction; therefore, the criminal history points equal 0 and the defendant's criminal history category is I." Supp.R. 1 at 15.

The court sentenced Mr. Ayala–Rivera to eighteen months imprisonment, which was to be served consecutively to his previous five-year sentence. The court accepted the government's contention that Mr. Ayala–Rivera's offense level under the United States Sentencing Guidelines (the Guidelines) was eleven: thirteen levels for escape under U.S.S.G. § 2P1.1, reduced two levels for acceptance of responsibility under U.S.S.G. § 3E1.1.[1] The court then adopted the probation officer's conclusion that Mr. Ayala–Rivera's criminal history category was IV, which yielded a sentencing range of eighteen to twenty-four months.

## II

## ANALYSIS

Mr. Ayala–Rivera seeks to have his guilty plea and sentence vacated. He alleges first that the trial court erroneously placed him in criminal history category IV because it improperly considered in its analysis his 1981 conviction for reckless driving. Second, he contends that his indictment should be dismissed because it was not handed down within thirty days of his recapture, in violation of section 3161(b) of the Speedy Trial Act. 18 U.S.C. § 3161(b). Third, he contends that his counsel was constitutionally inadequate during plea negotiations and at the sentencing hearing.

### A. *The Application of the Guidelines*

■ At issue here is the application of the Guidelines' section 4A1.1, which sets out the formula for determining a defendant's "criminal history category." U.S.S.G. § 4A1.1.[2] This section assigns points to certain specified criminal events in the defendant's past, such as prior sentences of more than a year, sentences of more than sixty days, and crimes committed while in custody or soon after being released from custody. The sum of these points determines the defendant's criminal history category, which along with the offense level establishes the defendant's possible sentence.

Mr. Ayala–Rivera was awarded seven criminal history points. The calculation of

---

1. The court rejected Mr. Ayala–Rivera's contention that he should receive a seven-level reduction under U.S.S.G. § 2P1.1(b)(2) for voluntarily returning to custody within ninety-six hours of escape. The court found that, because Mr. Ayala–Rivera was apprehended away from the prison grounds while searching for a doctor, he was not entitled to this reduction. Tr. at 39–40.

2. At the time of Mr. Ayala–Rivera's sentencing U.S.S.G. § 4A1.1 read:

   **§ 4A1.1 Criminal History Category**
   The total points from items (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
   (a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in (a).
(c) Add **1** point for each prior sentence not included in (a) or (b), up to a total of **4** points for this item.
(d) Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
(e) Add **2** points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If **2** points are added for item (d), add only **1** point for this item.

the first six seems self-evident and is not in serious dispute. Under U.S.S.G. § 4A1.1(a), he received three points for his five-year sentence for cocaine possession and conspiracy; U.S.S.G. § 4A1.1(d) added two more points because he committed his escape while under sentence for his drug conviction; and U.S.S.G. § 4A1.1(e) added another point because his escape occurred while he was in custody. The Guidelines' Sentencing Table places a defendant with six criminal history points in criminal history category III. However, in calculating Mr. Ayala–Rivera's criminal history category, the court also considered the 1981 California reckless driving conviction listed in his 1988 presentence report. This conviction gave him an additional criminal history point under U.S.S.G. § 4A1.1(c) and raised his criminal history category to IV. This change increased Mr. Ayala–Rivera's possible sentence from twelve to eighteen months, to eighteen to twenty-four months.

Mr. Ayala–Rivera contends that the court erred in considering the reckless driving conviction in its criminal history calculations. He first argues that there is no proper factual basis to consider the conviction because the 1988 presentencing report that lists the reckless driving conviction was not originally included in the record on appeal. After Mr. Ayala–Rivera's counsel pointed out this fact in his brief to this court, the district court granted the government's motion to include the 1988 report within the appellate record. This report is now part of the record before us, *see* Fed. R.App.P. 10(e), and it clearly shows that the district court had a proper factual basis to consider the conviction when calculating Mr. Ayala–Rivera's criminal history category.

At oral argument, Mr. Ayala–Rivera raised two additional arguments for why the court should not have considered the reckless driving conviction in its criminal history calculations. First, he argued that the conviction was a "minor traffic infraction" that U.S.S.G. § 4A1.2(c)(2) excludes from consideration. Second, he asserted that the stipulation in his 1988 presentence report that Mr. Ayala–Rivera had no prior convictions should bind the government now, and prevent the court from considering the reckless driving conviction.

Because these arguments were not raised before the trial court nor raised in the appellant's brief, our review is limited. *Cf. United States v. Brown,* 899 F.2d 677, 679 n. 1 (7th Cir.1990) (noting that Rule 28(a)(4) of the Federal Rules of Appellate Procedure requires the appellant to present in his brief to the appellate court the issues that he desires to litigate and to support his argument on those issues with appropriate judicial authority). Nevertheless, we may review such matters for plain error. *See Silber v. United States,* 370 U.S. 717, 718, 82 S.Ct. 1287, 1288, 8 L.Ed.2d 798 (1962) (per curiam); *United States v. Santos,* 932 F.2d 244, 250 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 592, 116 L.Ed.2d 617 (1991). Plain error must "undermine the fundamental fairness of the trial and contribute to a miscarriage of justice." *United States v. Young,* 470 U.S. 1, 16, 105 S.Ct. 1038, 1047, 84 L.Ed.2d 1 (1985).

The issues submitted by the appellant do not satisfy this requirement.[3] Guidelines section 4A1.2(c)(2) does indeed exclude "minor traffic infractions" from the criminal history calculus under section 4A1.1. However, we would be reluctant to rule that a conviction for reckless driving that carried a two-year probation is sufficiently "minor" to be within that section.[4]

---

**3.** We note that we are not dealing with an alleged miscalculation of the sentence, *see United States v. Smith,* 919 F.2d 123 (10th Cir.1990); *United States v. Brunson,* 915 F.2d 942 (5th Cir.1990), but with more traditional issues of interpretation and record evaluation. *See United States v. White,* 903 F.2d 457, 466–67 (7th Cir.1990); *United States v. Garcia,* 893 F.2d 250 (10th Cir.1989), *cert. denied,* 494 U.S. 1070, 110 S.Ct. 1792, 108 L.Ed.2d 793 (1990); *see also United States v. Rodriguez,* 943 F.2d 215, 217 (2d Cir.1991); *United States v. Delgado,* 936 F.2d 303, 308–09 (7th Cir.1991), *petition for cert.*

*filed,* 60 U.S.L.W. 3453 (U.S. Dec. 5, 1991) (No. 91–939), *superseded by statute on other grounds as stated in United States v. Thompson,* 944 F.2d 1331, 1347 (7th Cir.1991), *petition for cert. filed,* (U.S. Dec. 17, 1991) (No. 91–1065).

**4.** We note that in November 1990 the United States Sentencing Commission amended U.S.S.G. § 4A1.2(c)(1) to include reckless driving convictions that carried at least one year's probation within the list of offenses to be considered in calculating a defendant's criminal

With regard to the stipulation in the 1988 presentence report that Mr. Ayala–Rivera had no prior convictions, we note that this stipulation appears in a paragraph dealing with the calculation of his sentence for the earlier drug offenses. However, another part of the report clearly shows that Mr. Ayala–Rivera had been previously convicted of reckless driving. Therefore, from the terms of the report itself, it is not at all clear that Mr. Ayala–Rivera meant to rely on the stipulation when he waived a new presentence report. However, any question whether Mr. Ayala–Rivera was under a misapprehension as to the use of the reckless driving conviction was dispelled during the sentencing hearing, when he explicitly acknowledged that conviction. When his colloquy with the trial court, in which he made this admission, is evaluated in the context of the entire sentencing procedure, it is clear that the court was in the process of calculating the correct sentence under the Guidelines. Yet, neither Mr. Ayala–Rivera nor his counsel alerted the court to any objection to its considering the reckless driving conviction. Also, the plea agreement that Mr. Ayala–Rivera entered into with the government states that he made no agreement or stipulation regarding the appropriate criminal history category. R. 9. The only reasonable interpretation of these facts is that Mr. Ayala–Rivera assumed that his criminal history would be recalculated upon his sentencing for escape, and that the reckless driving conviction could be included in those calculations.

## B. *The Speedy Trial Issue*

■ Mr. Ayala–Rivera was indicted for escape on November 29, 1989—thirty-two days after his recapture. He contends that his indictment was therefore untimely under section 3161(b) of the Speedy Trial Act, which requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The sanction for failure to comply with the time limits of section 3161(b) is dismissal of the indictment, either with or without prejudice. 18 U.S.C. § 3162.

In *United States v. Zukowski*, 851 F.2d 174 (7th Cir.), *cert. denied*, 488 U.S. 868, 109 S.Ct. 174, 102 L.Ed.2d 144 (1988), we examined the applicability of section 3161(b) to recaptured prisoners. There we held that the Speedy Trial Act's

"right to a speedy trial on a charge is triggered by arrest only where the arrest is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which the defendant is eventually tried." An arrest of an escaped prisoner does not initiate new restraints; the defendant is subject to apprehension and confinement as a result of his original conviction.

*Id.* at 177 (quoting *United States v. Sairafi*, 801 F.2d 691, 692 (4th Cir.1986)) (citations omitted). Consequently, the time limits of section 3161(b) do not apply to the recapture of an escaped prisoner. *Id.* *Zukowski* controls Mr. Ayala–Rivera's Speedy Trial Act claim.

## C. *Ineffective Assistance of Counsel*

Finally, Mr. Ayala–Rivera contends that his trial counsel was constitutionally inadequate during plea negotiations and at the sentencing hearing. In support he cites numerous actions of counsel that he claims fell below the standards of professional competence, including counsel's failure to object to a criminal history category of IV; counsel's failure to move to dismiss the indictment under the Speedy Trial Act; and counsel's decisions not to engage in pretrial discovery nor to subpoena Lt. Hanley to testify at the sentencing hearing.[5]

---

history category. Because this section was amended after Mr. Ayala–Rivera's sentencing, we could not apply it in its current form to dispose of Mr. Ayala–Rivera's claim. However, we do note that the commission's change reinforces our belief that U.S.S.G. § 4A1.2(c)(2)'s definition of "minor traffic infraction" did not include in it Mr. Ayala–Rivera's conviction for reckless driving.

**5.** As additional evidence of counsel's inadequacy, Mr. Ayala–Rivera cites 1) counsel's alleged failure to advise him that his escape sentence would be consecutive to his drug sentence; 2)

 An accused has a right under the Sixth Amendment to reasonably effective assistance from counsel in deciding to plead guilty. *United States v. George*, 869 F.2d 333, 335–36 (7th Cir.1989). That right also applies at the sentencing hearing. *United States v. Jackson*, 886 F.2d 838, 843 (7th Cir.1989) (citing *Mempha v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)). In order to prevail on his ineffective assistance claim, Mr. Ayala–Rivera must establish both that his counsel's conduct was "below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). Determining whether counsel was constitutionally deficient is a fact-intensive inquiry, and, as an appellate court without the capacity to find facts, we usually shall not resolve this issue on direct appeal. *United States v. Brown*, 739 F.2d 1136, 1145 n. 8 (7th Cir.), *cert. denied*, 469 U.S. 933, 105 S.Ct. 331, 83 L.Ed.2d 268 (1984). "[W]e will not consider an incompetence [of counsel] claim not first presented to the district court if there exists any doubt about how the issue should be resolved, or if we believe that further factual findings or development of the record may shed any light on the issue." *Brown*, 739 F.2d at 1145 n. 8. We have recognized an exception to this rule exists if the issue of competence is clear-cut and it can be conclusively determined from the trial record. *See Johnson v. United States*, 805 F.2d 1284, 1290 (7th Cir.1986).

We believe that we must decline to decide here whether Mr. Ayala–Rivera's counsel was inadequate. This is not one of those rare cases discussed in *Johnson* where the issue of competence is clear and can be determined from the trial record. We have determined that Mr. Ayala–Rivera was properly classified in criminal history category IV and that his indictment was not untimely. Because we have so determined, any contention that counsel was inadequate for failing to object to these matters must fail. However, the other issues raised by Mr. Ayala–Rivera as part of his competency of counsel issue cannot be resolved definitively on this sparse record. If Mr. Ayala–Rivera wishes to pursue his ineffective assistance claim, he may raise these matters through a collateral attack on his conviction pursuant to 28 U.S.C. § 2255. *United States v. Taglia*, 922 F.2d 413, 417 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991).

### Conclusion

For the foregoing reasons, the decision of the district court is affirmed.

AFFIRMED.

---

counsel's alleged failure to advise him of the correct maximum fine that could be imposed; 3) counsel's alleged failure to inform him of the importance of the criminal history categories under the Guidelines; 4) counsel's alleged failure to read the plea agreement to Mr. Ayala–Rivera, who was at that time without his glasses; 5) counsel's agreement to hold the sentencing hearing in Evansville, Indiana, rather than in Terre Haute, Indiana; and 6) counsel's decision not to aid Mr. Ayala–Rivera in appealing his conviction and sentence.