UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

DANNY RAY SHAFER,
　　　　　*Defendant-Appellant.*

No. 00-4125

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-159)

Submitted: November 30, 2000

Decided: December 22, 2000

Before WILKINS, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Robert L. Flax, FLAX & STOUT, Richmond, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, N. George Metcalf, Assistant
United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Danny Ray Shafer appeals his jury conviction for escape, in violation of 18 U.S.C. § 751 (1994). We affirm.

Shafer's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising several claims of error at trial and at sentencing, but conceding that these claims lack merit. Although notified of his right to file a pro se supplemental brief, Shafer has not done so.

We have carefully reviewed the claims raised by counsel and find they are without merit. The evidence produced at trial was sufficient to prove Shafer wilfully left federal custody without permission. *See United States v. Bailey*, 444 U.S. 394, 407 (1980). Furthermore, Shafer's proffered reason for his escape did not involve a threat so imminent that escape was his only alternative and, therefore, his testimony in this regard was properly excluded as irrelevant. *Bailey*, 444 U.S. at 410-11; Fed. R. Evid. 402.

We similarly find Shafer's claims regarding denial of his right to a speedy trial and credit for time served are without merit. We held in *United States v. Sairafi*, 801 F.2d 691, 692 (4th Cir. 1986), that a defendant is not "arrested" within the meaning of 18 U.S.C. § 3161(b) (1994) when he is apprehended and returned to custody after an escape. Rather, recapture of an escaped offender occurs because he is subject to recapture and continued custody based on his original conviction. Furthermore, once Shafer was returned to federal custody after his escape, he was serving the remainder of his original sentence and was not being held on the charge of escape. Therefore, Shafer was not entitled to an indictment within thirty days of his return to custody or credit for time served on the escape charge.

With regard to Shafer's remaining claims, we find that the district court did not err by ordering Shafer's sentence for escape to run consecutively to his original sentence. *See* 18 U.S.C. § 3584(a) (1994); *U.S. Sentencing Guidelines Manual* § 5G1.3(a) (1998). Further,

Shafer presented no evidence in support of his assertion that he provided substantial assistance warranting a downward departure in sentencing. Finally, the district court correctly concluded that the prison camp at F.C.I.-Petersburg is not a non-secure facility within the meaning of USSG § 2P1.1(b)(3) (1998), so no reduction in Shafer's base offense level was warranted. *See United States v. Sarno*, 24 F.3d 618, 624 (4th Cir. 1994).

Pursuant to *Anders*, we have reviewed the record for potential error and have found none. Therefore, we affirm Shafer's sentence and conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*