IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10072

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROY GENE GARDNER

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-179

Before REAVLEY, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Convicted on six counts related to his escape from federal custody, Roy Gene Gardner challenges his conviction and sentence. AFFIRMED.

I.

Convicted in 1990 for unlawful possession of a firearm, Gardner entered supervised release from prison in September 2004. His probation officer petitioned in February 2005 to revoke supervised release and have him arrested.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Taken into custody on 15 February 2005, Gardner's revocation hearing was postponed due to his hospitalization on 18 February 2005.

While hospitalized, Gardner was guarded by Smith Protective Services (Smith), under contract with the United States Marshal's Service. On 9 March 2005, Gardner escaped from custody. During his escape, Gardner assaulted one of the Smith guards, took his firearm, and handcuffed him.

As Gardner ran from the hospital, he approached a man standing by his vehicle in the hospital parking lot. Gardner stuck the firearm in the man's ribs and demanded he drive him from the hospital; then, realizing the van was already running, Gardner entered it alone and drove away. He was re-captured the next day (10 March).

On 7 July 2005, Gardner was indicted for the escape and related charges of using and carrying a firearm in connection with the escape, assaulting a security guard under contract with the Marshal's Service, in violation of 18 U.S.C. § 111, and illegally possessing a firearm. A superseding indictment that October added another count for assaulting a second security guard who was under contract with the Marshal's Service, a carjacking count, and companion counts of using a firearm with those crimes.

Gardner was convicted of escape from custody, assaulting a security guard, possession of a firearm related to that assault, carjacking, using a firearm during the carjacking, and being a felon in possession of a firearm. He was sentenced, inter alia, to 744 months' imprisonment.

## II.

Gardner claims his arrest on 10 March 2005, following his escape the day before, started the speedy trial clock running under 18 U.S.C. § 3161(b) (Speedy Trial Act) and required his being indicted no more than 30 days later. He also maintains the Smith guards were not qualified to receive the protections afforded under 18 U.S.C. § 111 to those assisting federal officers; and, for this

reason, the district court erred by both denying at trial his motion for judgment of acquittal on the assault count and enhancing his offense level at sentencing.

A.

For its ruling under the Speedy Trial Act, the district court's factual findings are reviewed for clear error; its legal conclusions, de novo. United States v. De La Pena-Juarez, 214 F.3d 594, 597 (5th Cir. 2000). The Speedy Trial Act, 18 U.S.C. § 3161(b), provides: "Any information or indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested or served with a summons in connection with such charges". Gardner maintains his 10 March 2005 arrest, just a day after his escape from custody, was an arrest made on the basis of his escape; and, for this reason, the Government was required by the Speedy Trial Act to indict him within 30 days of that arrest.

A person is arrested under the Speedy Trial Act when he is "taken into custody after a federal arrest for the purpose of responding to a federal charge". United States v. Johnson, 815 F.2d 309, 312 (5th Cir. 1987). Gardner's claim fails because it confuses the purpose for which he was arrested. His 10 March 2005 arrest was based upon his original 1990 conviction and sentencing for firearms possession. Gardner had been placed on supervised release in September 2004 for that 1990 conviction, and he escaped from custody while he was hospitalized in February 2005 awaiting his revocation hearing.

While this court has not had occasion to analyze an escape case like Gardner's in the light of the Speedy Trial Act, other circuit courts following this same logic have held the Act does not require a formal charge of escape within 30 days of an arrest when a person is re-captured after having escaped from custody. United States v. Zukowski, 851 F.2d 174, 177 (7th Cir. 1988); United States v. Sairafi, 801 F.2d 691, 692 (4th Cir. 1986); United States v. Stead, 745 F.2d 1170, 1172-73 (8th Cir. 1984).

B.

One of the counts of conviction was under 18 U.S.C. § 111, because the Smith guard assaulted during the escape was under contract with the Marshal's Service and met the criteria for federal protection provided to "any person assisting . . . an officer or employee [of the United States] in the performance of [official] duties . . . ." 18 U.S.C. § 1114. The federal protection afforded the Smith guards also influenced sentencing, because Gardner's offense level was enhanced at sentencing under Sentencing Guidelines §§ 3A1.2 and 3A1.3. Gardner challenges the denial of his motion for judgment of acquittal on the 18 U.S.C. § 111 count, as well as the sentence enhancements, claiming the Smith guards' behavior disqualified them from the protections afforded persons assisting federal officers.

1.

Gardner moved for judgment of acquittal at the close of all the evidence. Accordingly, the denial of his motion is reviewed de novo. E.g., United States v. Fuchs, 467 F.3d 889, 904 (5th Cir. 2006), cert. denied, 127 S. Ct. 1502 (2007). "In determining whether there was sufficient evidence to sustain [the] convictions, we must decide, viewing the evidence and the inferences therefrom in the light most favorable to the verdict, whether a rational juror could have found [the defendant] guilty beyond a reasonable doubt." Id. (citing United States v. Anderson, 174 F.3d 515, 522 (5th Cir. 1999)).

A federal officer, or any person assisting one, as was the Smith guard assaulted by Gardner, is protected from assault by 18 U.S.C. § 111, so long as he is performing his assigned duties and is "not on a frolic of his own". United States v. Lopez, 710 F.2d 1071, 1074 (5th Cir. 1983). A security guard hired to watch a hospitalized prisoner, who allows the prisoner to use the restroom (entirely within the guidelines of the job), and who then is violently assaulted by the prisoner, is not engaged in a frolic of his own in any sense of the words.

4

Gardner attempted, and failed, to convince the jury that the guard's behavior was outside the scope of his duties.  The jury was the proper body to decide this issue.  Id. at 1074.

## 2.

A district court's application of sentencing guidelines is normally reviewed de novo; its factual findings, for clear error.  E.g., United States v. Yerena-Magana, 478 F.3d 683, 686 (5th Cir. 2007).  When an objection is not preserved, however, review is only for plain error.  FED. R. CRIM. P. 52(b).  Gardner did not properly object at sentencing to the application of the enhancements at issue; instead, for the first time on appeal, he raises this issue.  Accordingly, Gardner must show clear or obvious error that affects his substantial rights; if he does, we retain discretion to correct the error and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  E.g., United States v. Olano, 507 U.S. 725, 732-41 (1993); United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir. 1994).

To support his claim that his offense level should not have been enhanced, Gardner makes no contentions, however, beyond those discussed supra, concerning his motion for judgment of acquittal.  Gardner fails to show reversible plain error.

## III.

For the foregoing reasons, the judgment is AFFIRMED.